IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MADELINE G. SANDERS,**

        Plaintiff,

v.   No. CIV 09-1092 BB/ACT

**DJO, LLC; DJO, INC. f/k/a DJ ORTHOPEDICS, INC.; McKINLEY MEDICAL, INC.; MOOG, INC.; ASTRAZENECA PHARMACEUTICALS, LP; ASTRAZENECA LP; ZENECA HOLDINGS, INC.; and LOVELACE HEALTH SYSTEMS, INC.,**

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court for consideration of a motion to remand filed by Plaintiff (Doc. 25). The Court has reviewed the submissions of the parties and the relevant law. Based on this review, the motion to remand will be granted.

**Facts**

Plaintiff filed suit in state court raising products liability and negligence claims against all Defendants. According to Plaintiff, she underwent shoulder surgery and as part of the surgery a "pain pump" was implanted into her shoulder, which injected pain medication at the site of the surgery. The "pain pump" allegedly became toxic and caused Plaintiff severe injuries, for which she seeks compensation. Defendants removed Plaintiffs' lawsuit to federal court, maintaining the parties are diverse and none of the properly-named Defendants are citizens of New Mexico. Defendants acknowledged in their removal petition that one Defendant, Lovelace Health Systems ("Lovelace"), is a citizen of New Mexico. However, Defendants argued that Lovelace was fraudulently joined as a defendant, and therefore Lovelace's citizenship should be ignored when

analyzing the diversity of the parties.  Subsequently, Plaintiff moved to remand the action to state court, disputing Defendants' contentions regarding the joinder of Lovelace as a Defendant.  The dispositive question before the Court, therefore, is whether Lovelace is a proper Defendant whose presence in this lawsuit destroys diversity.  If so, the case must be remanded.

**Standard of Review**

Defendants claiming that fraudulent joinder has occurred bear the burden of establishing that fact.  This burden is a heavy one.  *See, e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009); *Montano v. Allstate Indemnity*, 2000 WL 525592 (10th Cir. unpublished).  If there is any reasonable possibility the plaintiff could prevail on any claim against the non-diverse defendant, the joinder is not fraudulent and the case must be remanded.[1] *See Schur; Montano.*  In examining the fraudulent-joinder issue, the Court is not limited to the pleadings filed by the parties but may pierce those pleadings and consider the entire record of the case as well as any evidence the parties may choose to submit. *See Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see also Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (relying on affidavits to determine fraudulent-joinder issue, and discussing similarity to summary-judgment process).

---

[1]Many courts state the standard not as a "reasonable possibility" but as "any possibility," declaring that remand is required if there is any possibility the plaintiff could prevail against the non-diverse defendant under the facts of the case.  *See, e.g.,  Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir.2007).  Having reviewed a number of cases, the Court finds no meaningful differences in the application of the two standards, merely a difference in phraseology, and the Court believes the slightly more conservative "reasonable possibility" standard more accurately reflects the analysis applied in the cases.  It should also be noted this standard applies to claims that the joinder is fraudulent on the merits.  Defendants have also raised a different type of fraudulent joinder argument, maintaining the joinder of Lovelace as a Defendant is fraudulent as a matter of fact.  Defendants contend Plaintiff has included Lovelace as a Defendant for ulterior motives that have nothing to do with the merits of any claim Plaintiff may have against Lovelace.  This type of joinder is not analyzed under the "reasonable possibility" standard because the actual merits of the claims brought are essentially irrelevant to the issue to be decided.  The Court will address this aspect of Defendants' fraudulent-joinder contention in a later section of this opinion.

It must be noted that the "reasonable possibility" standard is not the same as the failure-to-state-a-claim standard that is applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Instead, the Court must look at the facts present in the case, not simply those alleged in the complaint, and determine whether there is a reasonable possibility that those facts, construed in the light most favorable to the plaintiff, could result in a viable claim against the non-diverse defendant. This standard is more deferential to the plaintiff's alleged claim than is the Rule 12(b)(6) standard. *See Schur, supra*, 577 F.3d at 764 (citing several cases stating that burden for plaintiff is even more favorable than the motion-to-dismiss standard applied under Rule 12(b)(6)); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).[2] Under this standard, it is entirely possible a case should be remanded even though the claims brought against the non-diverse defendant will ultimately be subject to dismissal. *See Spataro v. Depuy Orthopaedics, Inc.*, 2009 WL 382617 (D. N.M. unpublished) (where federal court would have to decide issue of first impression under state law to decide whether plaintiff's claim against non-diverse defendant was viable, court remanded case despite possibility that plaintiff's strict-liability claim might be rejected by the state courts); *see also Reeser v. NGK Metals Corp.*, 247 F.Supp.2d 626, 629 (E.D. Pa. 2003) (fact that claim against party may ultimately be dismissed does not necessarily mean the party was fraudulently joined); *cf. Crowe v. Coleman*, 113 F.3d 1536, 1541 (11th Cir. 1997) (plaintiff need not show he could defeat summary judgment to gain remand).

**Discussion**

**Fraudulent Joinder on the Merits:** Plaintiff's complaint raises two claims against Lovelace – a strict-liability claim based on products liability, and a common-law negligence claim. Defendants maintain neither of these claims has any potential viability.

---

[2]The Tenth Circuit appears to be in accord with this position, although it has not said so in a published opinion. *See Montano*, *supra* (citing *Batoff* and stating the reasonable possibility standard "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)").

With respect to the products-liability claim, Defendants argue such a claim is disallowed against a hospital such as Lovelace under New Mexico law and public policy.  In support of that argument Defendants cite *Parker v. St. Vincent Hospital*, 919 P.2d 1104 (N.M. App. 1996), a case in which the New Mexico Court of Appeals did indeed decide that, as a matter of public policy, a products-liability claim should not be allowed against a hospital where an allegedly defective product was implanted into plaintiff's person.  *Id.* p. 1110.  At first glance *Parker* appears to be on all fours with this case, in which an allegedly defective pain pump was implanted into Plaintiff's shoulder.  However, Plaintiff does not concede this point.  Plaintiff instead points out a limitation contained in the *Parker* opinion; the Court of Appeals specifically restricted its holding to situations in which the patient's treating physician, and not the hospital, selected the offending product that was implanted into the patient.  *Id.* pp. 1107, 1110.  Plaintiff argues that in this case discovery is necessary to decide whether Lovelace had any role in selecting the pain pump or otherwise encouraging its use, and that until such discovery is performed the products-liability claim remains viable with respect to Lovelace.

If *Parker* were the last word on the subject, the Court would most likely agree that the question raised by Plaintiff remains unresolved and should not be decided by a federal court in connection with a removal-and-remand dispute.  *See Spataro, supra.*  However, shortly after *Parker* was decided the New Mexico Court of Appeals issued another opinion holding, in essence, that the question of who selected the implanted product makes no difference in the products-liability analysis.  *See Tanuz v. Carlberg*, 921 P.2d 309, 312 (N.M. App. 1996).  In *Tanuz*, the Court of Appeals held that strict liability based on products-liability principles should not be imposed on a physician, even though the physician selected the implanted product.  *Tanuz*, therefore, in effect extends the *Parker* holding to health-care providers such as Lovelace even if the health-care provider selected the allegedly defective product that was implanted into the plaintiff.  Given *Tanuz* and *Parker*, the Court finds Plaintiff's products-liability case against Lovelace is not viable as a matter of New Mexico law.

Defendants' arguments concerning the common-law negligence claim are much less persuasive. As Plaintiff points out, the *Parker* case specifically authorizes a claim of negligence against a hospital where the hospital has violated a duty to investigate the safety of implants before allowing their use on its premises.[3] Given this holding in *Parker*, Defendants are reduced to arguing that Plaintiff's complaint is factually rather than legally deficient, which is a difficult position to be in when attempting to establish fraudulent joinder. Where a plaintiff's complaint is arguably deficient but the underlying facts of the case indicate a cause of action against the non-diverse defendant might reasonably be present, appellate courts have reversed a lower court's finding of fraudulent joinder. *See, e.g., Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (defendant's argument that original complaint omitted an element of the claim is unpersuasive where facts present in case indicate plaintiff might have a colorable claim under state law against non-diverse defendant). Courts are in agreement that "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957); *Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F.Supp.2d 1113 (N.D. Cal. 2002); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F.Supp.2d 384, 393 (S.D. N.Y. 1998). This is true even if amendment of the complaint might be necessary to ensure it clearly states a claim against the non-diverse defendant. *See Alderman, supra* (complaint neglected to specifically tie non-diverse defendants to statutory violations claimed, but case remanded despite this failing); *cf. Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 Fed.Appx. 911, 912 (10th Cir. 2006 unpublished) (describing district court's grant of remand, in which district court concluded that even if complaint failed to plead claims with sufficient particularity, plaintiff would be authorized to file an amended complaint addressing the deficiencies).

---

[3]*Parker* declined to decide the exact nature of the hospital's duty as well as what actions might violate the duty, but left open the possibility of a negligent-investigation cause of action under appropriate facts. *Parker*, 919 P.2d at 1112.

In this case the Court need not go so far as to assume the state court would allow Plaintiff to amend her complaint, as the complaint adequately alleges a negligence cause of action against Lovelace. Defendants point out that the complaint contains no allegations that are specifically directed at Lovelace, that the complaint simply lumps Lovelace in with the other Defendants, and that many of the complaint's allegations concern manufacturers of the pain pump and pain medication rather than a distributor such as Lovelace. All of this is true, but does not assist Defendants. The complaint contains the following allegations (as summarized by the Court), whether specific to Lovelace or not: (1) Lovelace distributed the pain pump in question to be used following Plaintiff's shoulder surgery; (2) none of the "pain pump defendants" warned Plaintiff or her surgeon about the unreasonable risks of implanting the pain pumps and allowing continuous infusion of pain medication into the shoulder; (3) "each of the Defendants" knew or reasonably should have known of the unreasonably dangerous and defective nature of the pain pump and anesthetic medications, as a reasonably careful search of available medical literature should have indicated the potential for harm and should have notified Defendants that use of the pain pumps in the shoulder joint had been "specifically rejected by the F.D.A."; and (4) the negligent acts and omissions alleged were substantial contributing causes of the injuries and damages suffered by Plaintiff. Under *Parker*, these allegations are more than sufficient to state a cause of action for negligent investigation by a hospital. *See* 919 P.2d at 1111-12 (allegations that hospital had a duty to investigate the safety of implants before supplying them and allowing them to be used in the hospital, and that the hospital breached that duty, were sufficient to put defendants on notice of plaintiff's negligent-investigation theory of liability). To the extent Plaintiff has muddied the waters by including a number of allegations that appear irrelevant to Lovelace, or has neglected to include Lovelace-specific allegations, Lovelace may or may not be entitled to a more specific statement of Plaintiff's claims.[4] However, this does not alter the fact

---

[4]The Court expresses no opinion as to whether the complaint is so deficient that Defendants are in fact entitled to a more specific statement of claims.

that the complaint in this case raises a reasonable possibility under New Mexico law that Plaintiff could recover damages from Lovelace under her negligence theory of liability. Defendants' claim of fraudulent joinder, insofar as it is based on the merits of Plaintiff's claims against Lovelace, is not persuasive.

**Fraudulent Joinder As A Matter of Fact:** As noted above, Defendants raise a second argument in support of their contention that the joinder of Lovelace was fraudulent. Defendants maintain Plaintiff's sole purpose in joining Lovelace as a Defendant is to retaliate against Lovelace for resisting Plaintiff's discovery efforts in a prior lawsuit. In support of that argument Defendants present the following. In 2008, Plaintiff filed suit in federal district court against a number of manufacturing defendants, and did not include Lovelace as a defendant in that case. While that case was pending Plaintiff served discovery subpoenas on Lovelace, for documents and depositions. Later, Plaintiff decided she needed more information from Lovelace, concerning the identity of the manufacturer of the pain pump implanted into Plaintiff as well as the model and serial number of that pump. Lovelace objected to Plaintiff's new subpoenas, claiming they were duplicative of the earlier discovery Lovelace had already provided. Plaintiff then dismissed her federal-court lawsuit without prejudice, and a week later filed this lawsuit in state court, naming Lovelace as a defendant. Approximately a month before doing so, however, Plaintiff's counsel sent a letter to Lovelace, stating that unless Lovelace could produce immediate and definite evidence of the identification and source of the pain pump used in Plaintiff's surgery, Plaintiff would consider a lawsuit directly against Lovelace as a distributor of the pump. [Doc. 1, Exh. G] According to Defendants, this letter "incontrovertibly establishes" that the current action against Lovelace is a thinly veiled retaliatory lawsuit designed to punish Lovelace for refusing to provide the pain-pump information requested by Plaintiff, rather than a genuine attempt to impose liability upon Lovelace. Thus, argue Defendants, the claims against Lovelace are sham claims and Lovelace has been fraudulently joined as a Defendant. Defendants bolster their argument by pointing out that the complaint in this case contains few factual allegations that

7

are specific to Lovelace, and that many of the factual assertions concern manufacturers only rather than a distributor such as Lovelace.

The Court does not find the letter relied on by Defendants to be as "incontrovertible" as they argue. The letter states that Plaintiff's medical records at Lovelace indicate a "Don Joy" brand pain pump was used in the surgery, but that a representative of that company has provided evidence that no Don Joy pain pumps were distributed to any Lovelace location during the time in question. The letter then demands that Lovelace produce "immediate and definitive evidence" as to what pump was actually used during the surgery, and threatens a lawsuit against Lovelace if the evidence is not provided. The Court construes this letter to set out the simple fact that if Plaintiff cannot determine from Lovelace's medical records what pump was actually used during the surgery, Plaintiff will have to pursue the only defendant it can identify with certainty – Lovelace, the distributor of the pump. Presumably Lovelace would then have much more of an incentive to identify the manufacturer of the pump in order to pass on its potential liability to that manufacturer, and may even file third-party claim itself.

If Plaintiff had been threatening a groundless lawsuit in order to obtain information, the Court would have a great deal of sympathy for Defendants' position. However, as discussed above, Lovelace is indeed potentially liable in negligence for the alleged damages caused by the pain pump. Threatening to bring an action that actually has some basis in the law, even though it may also bring pressure to bear on the defendant to identify other potential defendants, is not an example of a sham lawsuit or of fraudulent joinder.[5] *See, e.g., McIntyre v. Codman & Shurtleff, Inc.*, 83 F.R.D. 619, 623 (S.D. N.Y. 1984) (plaintiff allowed to add defendants even though diversity destroyed as a result, because even though plaintiff was partially motivated by desire to

---

[5]As was the case in the prior section of this opinion, the Court is not persuaded by the apparent deficiencies in Plaintiff's complaint, including the many allegations that appear to be completely irrelevant to Lovelace. There are some allegations that do concern Lovelace, and these are sufficient to state a claim against Lovelace for negligent investigation of the pain pump. This is sufficient to show the joinder of Lovelace as a Defendant was not fraudulent.

8

avoid federal court, that was not plaintiff's sole motivation); *cf. McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008) (example of procedural danger to plaintiff resulting from not discovering and adding all defendants early in a case).

**Conclusion**

Based on the foregoing, the Court will grant Plaintiff's motion to remand.

Dated this 7th day of July, 2010.

BRUCE D. BLACK
United States District Judge